**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD THOMPSON, : | |
| : | |
| Petitioner, : | Civil No. 07-2694 (JAP) |
| : | |
| v. : | |
| : | |
| HARLEY LAPPIN, et al., : | **O P I N I O N** |
| : | |
| Respondents. : | |

**APPEARANCES:**

Richard Thompson, Pro Se
#568688/ 00S0158535
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

John Andrew Ruymann
Assistant U.S. Attorney
Office of the U.S. Attorney
402 East State St., Suite 430
Trenton, NJ 08608
Attorney for Respondents

**PISANO, District Judge**

Petitioner, a federal prisoner serving his federal sentence in New Jersey State Prison, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Currently before the Court are Petitioner's outstanding motions and other submissions by Petitioner, including: Motion for Reproduction/Transcription of Tape (docket entry 20); Motion for Appointment of Counsel (docket entry 21); Motion for Reconsideration (docket entry 28); Motion for Reconsideration (docket entry 30); Motion to Compel (docket entry 38); and

Request for Immediate Parole Hearing (docket entry 40).  For the following reasons, the motions will be denied.

**A.    Motion for Reproduction/Transcription of Tape; Motion to Compel; Request for Immediate Rehearing.**

1.    Motions

Petitioner's Motion for Reproduction/Transcription of Tape (docket entry 20), Motion to Compel (docket entry 38), and Request for an Immediate Rehearing (docket entry 40) concern the same issue.

In the Motion for Reproduction/Transcription of Tape, filed on November 26, 2007, Petitioner states that on September 20, 2006, he appeared before the United States Parole Commission for a final determination hearing, which was tape recorded.  (Motion, ¶ 1).  Petitioner states that the tape is in the possession of his case manager, Marie Figueroa.  (Motion, ¶ 2).  Petitioner argues that the tape is "a material fact which Petitioner intends to offer as an exhibit where Mr. Howard [parole examiner] told Petitioner he was recommending an eighty four month set off before changing his recommendation once he returned to his office."  (Motion, ¶ 3).

Respondents submitted opposition to this motion on December 21, 2007 (docket entry 31).  Respondents argued that Petitioner has not shown "good cause" for the discovery requested because the hearing examiner's oral statement to Petitioner "means

2

nothing" as it does not amount to a decision.  The decision is in writing in the Hearing Summary.  Regardless, Respondents argue, the hearing examiner can only make a recommendation, but cannot render a final parole decision.  The Respondents, in the opposition, agreed to supply Petitioner with the tape recordings.

In his Motion to Compel, filed on January 31, 2008, Petitioner argues that the tapes were sent to him; however, the prison forwarded the tapes to his case manager, Figueroa, as Petitioner was not allowed to possess cassette tapes.  Petitioner then requested the tape from Figueroa.  On January 9, 2008, the tape was sent to him via Brenda Hutton, the Legal Liaison at the prison.  On January 26, 2008, the Education Supervisor at the prison obtained the tape and brought Petitioner in to listen to them; however, the tape was "blank."  Petitioner, in the Motion to Compel, seeks to compel Respondents to "produce a true and correct copy of Petitioner's September 20, 2006, Parole final determination hearing."

Petitioner then filed a request for an immediate rehearing on March 5, 2008, arguing that because the tape recording was an essential part of the record, and the original audio tape was "defective beyond salvage," he is entitled to a new hearing.  Respondents opposed this request, by memorandum dated April 2, 2008 (docket entry 41), arguing that the fact that the tape was defective does not entitle Petitioner to a new hearing, and

citing cases supporting their argument that the Commission is not entitled to maintain a tape recording of the hearing.

### 2. Application

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997).

Rule 6(a) of the Rules Governing Section 2254 Cases in United States District Courts ("§ 2254 Rules" applicable through Rule 1(b) to petitions under 28 U.S.C. § 2241) provides that, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Similarly, Rule 7(a) of the § 2254 Rules provides that, "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 6(b) provides that, "A party requesting discovery must provide reasons for the request."

Under the "good cause" standard of the § 2254 Rules, a district court should grant leave to conduct discovery in habeas proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is ... entitled to relief.'" Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

4

In this case, Petitioner's habeas petition argues that Petitioner's rights were violated because his presentence report contained inaccurate and false information that has impacted his sentencing and hearings before the United States Parole Commission.

Petitioner has failed to show good cause for the requested discovery.  The purpose of the requested discovery, to reveal an oral statement made by an examiner to Petitioner, is not related to the grounds asserted in his Petition challenging the accuracy of the Pre-Sentence Investigation report.  The decision of the Parole Commission is in writing and contained in the record.  The requested discovery will add nothing to the resolution of the grounds raised by Petitioner to challenge the denial of parole.

Therefore, Petitioner's motions regarding the tape recording will be denied.

**B.   Motion for Counsel**

On November 28, 2007, Petitioner filed a motion for counsel (docket entry 21).  Petitioner asks for the appointment of counsel based on the fact that he is a "layman in law," does not have the ability to research and write legal arguments, law library time at the prison is limited, and that his case involves complex issues.

As noted by Petitioner, there is no Sixth Amendment right to appointment of counsel in habeas proceedings.  See Pennsylvania

5

v. Finley, 481 U.S. 551, 555 (1987)("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)(holding that there is no statutory or constitutional right of counsel conferred upon indigent civil litigants); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992)("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings").

Title 18 of the United States Code, section 3006A(a)(2)(B) states that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[1]  In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim.  See Biggins v. Snyder, 2001 WL 125337 at * 3 (D. Del. February 8, 2001)(citing Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991))(other citations omitted).  Next, the Court must determine whether the appointment of counsel will benefit the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts.  See id. (citing Reese, 946 F.2d at 264; Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993))(other

---

[1]     Likewise, 28 U.S.C. § 1915(e)(1) provides that a court may "request an attorney to represent any person unable to afford counsel."

citations omitted).  "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel."  Id. (citations and quotations omitted); see also Paul v. Attorney General of New Jersey, 1992 WL 184358 at * 1 (D.N.J. July 10, 1992)(stating that the factors the court should consider in appointing counsel include:  "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case").

In the instant case, the Court must first determine if Petitioner states non-frivolous, meritorious claims.  It appears that Petitioner's due process claim concerning his presentence report is not frivolous, and may, or may not, have merit.

Next, the Court must examine whether the appointment of counsel will benefit the Court and the petitioner.  The instant case seems to be fairly "straightforward and capable of resolution on the record."  See Parham, 126 F.3d at 460 (citing Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990)).  Because Petitioner is incarcerated, he has access to the prison law library and a limited ability to investigate the law.  See Jones v. Kearney, 2000 WL 1876433 at *2 (D. Del. December 15, 2000).

It is also clear from the numerous motions and other documents filed in this matter by Petitioner that he is capable of reading, writing, and presenting his arguments to this Court as a pro se litigant.

This Court's review is limited to determining whether Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are not complex. The record provided by Respondents should provide the Court with the information needed to resolve this case. It does not appear that expert testimony will be required.

At this early point in the proceedings, the Court will deny Petitioner's motion to appoint counsel, without prejudice to Petitioner who may renew the motion, if necessary, as the litigation proceeds. At this juncture, it does not appear that the appointment of counsel would benefit both Petitioner and the Court.

**C.    Motions for Reconsideration**

Petitioner has filed two motions for reconsideration (docket entries 28 and 30).

In the first-filed motion for reconsideration, filed on December 11, 2007, Petitioner asks for reconsideration of this Court's order issued on November 28, 2007. This Court ordered Petitioner to name as the respondent to his action the warden of

8

the facility in which he is detained. Petitioner did so. However, this Court also terminated the remaining respondents and denied Petitioner's request to name as a respondent the United States Parole Commission, noting:

> The only proper respondent in a § 2241 habeas petition is the warden of the facility in which the Petitioner is detained. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004)(holding that with limited exception, "longstanding practice confirms that in habeas challenges to present physical confinement-'core challenges'- the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official").

(See Order, docket entry 22). Petitioner argues in the motion for reconsideration that Harley Lappin is the correct respondent.

In the second-filed motion for reconsideration, filed on December 17, 2007, Petitioner asks for reconsideration of this Court's order entered December 6, 2007, allowing Respondents to file the answer to the petition under seal. Respondents sought to file the answer under seal because it contained Petitioner's presentence report. This Court noted that private and public interests warranted sealing, serious injury could result if the answer was not filed under seal, and no less restrictive alternative was available. (See Order, docket entry 26). Petitioner notes within the motion that he "currently has in his possession his complete and full presentence report . . . ." (Motion, ¶ 5).

Local Civil Rule 7.1(g) states, in relevant part:

9

> A motion for reargument shall be served and filed within 10 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. There shall be served with the notice a brief setting forth concisely the matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked.

Likewise, Federal Rule of Civil Procedure 59(e) states: "Any motion to alter or amend a judgment shall be filed not later than 10 days after entry of the judgment."[2]

Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C. v. Moorestown Twp., 996 F. Supp.

---

[2] In the instant case, Petitioner's motions will be deemed timely.

409, 442 (D.N.J. 1998).  However, mere disagreement with the district court's decision is inappropriate on a motion for reargument, and should be raised through the appellate process. Id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion."  Assisted Living, 996 F. Supp. at 442.  Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)."  Edward H. Bohlin, Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Petitioner merely disagrees with this Court's conclusions on his motions.  The Court's rulings were not in error; nor do the rulings affect the substance of Petitioner's case.  The United States Attorney's Office has responded to the petition on behalf of warden Ricci.  The motion to seal, granted because it is in Petitioner's best interests, does not affect the outcome of this case.  The record is available to the courts and Petitioner.  Therefore, his motions will be denied.

## **CONCLUSION**

Based on the foregoing, Petitioner's outstanding motions will be denied.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated:   June 24, 2008