**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RICHARD THOMPSON, | : | |
| | : | |
| Petitioner, | : | Civil No. 07-2694 (JAP) |
| | : | |
| v. | : | |
| | : | |
| MICHELLE R. RICCI, | : | **O P I N I O N** |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Richard Thompson, Pro Se
#568688/ 00S0158535
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

John Andrew Ruymann
Assistant U.S. Attorney
Office of the U.S. Attorney
402 East State St., Suite 430
Trenton, NJ 08608
Attorney for Respondent

**PISANO, District Judge**

Petitioner, a federal prisoner serving his federal sentence in New Jersey State Prison, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. On January 17, 2008, Respondent filed a response to the petition, and on January 31, 2008, Petitioner filed objections to the response. The Court has reviewed all documents submitted. For the following reasons, the petition will be denied.[1]

---

[1] Petitioner has also filed a motion for reconsideration of this Court's Opinion and Order dated June 24, 2008 (docket entries 43 and 44), denying certain motions previously filed by Petitioner.

**BACKGROUND**

Petitioner is serving a federal life sentence for murder as a contract prisoner in the New Jersey State Prison. On September 13, 1974, Petitioner was sentenced in the United States District Court, Eastern District of Virginia, to an eight-year Youth Corrections Act sentence for the crime of assault with intent to commit rape. On June 27, 1977, Petitioner was sentenced by the United States District Court for the Central District of California to a life term of imprisonment for murder (committed while incarcerated). In 1980, Petitioner was released from the Youth Corrections Act sentence to his consecutive life sentence. While incarcerated, Petitioner was also sentenced to a five-year term of incarceration for a 1982 escape attempt and to a ten-year term of incarceration for a 1983 assault on a federal corrections officer.

In 1992, Petitioner appeared before the United States Parole Commission ("Commission") for an initial parole hearing. Parole was denied, and a 15-year reconsideration hearing for February 2007 was established. Statutory bi-annual interim hearings were held with no change being made, with the exception of a hearing in 1998, where the Commission advanced the date of the 15-year reconsideration hearing from February 2007 to February 2006.

In September 2006, Petitioner's 15-year reconsideration hearing was held. The hearing examiner recommended that the sex

offender special condition be applied to Petitioner based upon his 1974 conviction for attempted rape.  The examiner computed Petitioner's aggregate guideline range and recommended that Petitioner serve to the expiration of his sentence.  The examiner's decision recommended that Petitioner serve more than 48 months above the guideline minimum, and stated the reasons why this was warranted.  The Commission adopted the examiner's recommendation, and Petitioner was informed by notice of action dated October 13, 2006.

Petitioner administratively appealed the decision, arguing that the hearing examiner relied on erroneous information during the parole hearing, and stating:

> During the parole hearing, continued references were made to a forcible kidnaping and rape for which Mr. Thompson was first incarcerated.  While not crucial to the issues before the Commission, it should be noted that the trial testimony of the victim indicates that she voluntarily went with the defendant and thus no forcible kidnaping occurred and this information within the Commission[']s file should be corrected.

(See Petition at Exhibit E-4).  The National Appeals Board rejected Petitioner's argument, finding that the file indicated that the offense was an assault with intent to rape, and that kidnapping was not referred to in the decision.  Petitioner has attempted to correct the erroneous information to no avail.

Petitioner argues in this habeas petition that the inaccurate information contained in his presentence report has impacted his incarceration and the decisions of the Commission.

He asserts that the presence of this information violates his constitutional rights.  He asks the Court to agree with him in a written order which could be appended to the presentence report at issue, or to correct the information, and seeks a new parole hearing.  Petitioner also challenges the imposition of the sex offender condition on any future parole.

### DISCUSSION

Petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).[2]

Petitioner was previously incarcerated at the Marquette Branch Prison, in Marquette, Michigan.  On July 22, 2004, Petitioner filed a petition for a writ of habeas corpus, pursuant to § 2241 in the United States District Court, Western District of Michigan, alleging the same arguments as in this case.  See

---

[2] The Court notes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

4

Thompson v. Lappin, et al., 04-0158 (RAE)(W.D. Mich.)(Petition, docket entry 1).

On January 13, 2005, Petitioner's case was dismissed by Report and Recommendation of United States Magistrate Judge Timothy P. Greeley. See id. (Report and Recommendation, docket entry 9). Judge Greeley held, in relevant part:

> Respondents have filed a motion to dismiss, asserting that the factual findings of the Parole Commission in a parole release hearing are not subject to judicial review. In support of their motion, Respondents cite Farkas v. United States, 744 F.2d 37 (6th Cir. 1984). In Farkas, a § 2241 petitioner claimed that his presentence report inaccurately set forth his prior conviction and commitment record. The court held that the Parole Commission's factual findings on the convictions were necessary components of the Commission's ultimate decision to deny parole and were not subject to review by the court.
>
> * * *
>
> Petitioner responds to Respondents' motion by stating that he is not asserting that the Parole Commission relied on inaccurate facts to deny Petitioner parole. Rather, Petitioner claims that he is only seeking the removal of the inaccurate information from his PSI. However, such relief is not available in the context of a § 2241 action. ...
>
> * * *
> . . . Therefore, because the relief being sought by Petitioner is not available in the context of a § 2241 action, I am recommending that Respondents' motion to dismiss be granted.

See id. (Report and Recommendation, docket entry 9)(internal citations, quotations, and footnotes omitted). Judge Greeley's Report and Recommendation were adopted by District Judge Richard Alan Enslen in a Final Order, dated February 17, 2005. See id.

(Final Order, docket entry 12).  Judge Enslen found, in relevant part:

>       Upon such review, the Court determines that the Report should be adopted and the Objections denied. Petitioner claims in his Objection that he wants this Court to require the Parole Commission to re-characterize his past sexual offense as "attempted rape" as opposed to "rape" in order to fairly evaluate parole. He is correct that certain case law suggests this relief when appropriate. However, such case law limits relief to cases in which the inaccuracy is the cause of the denial of parole. In the instant case, the principle has no application because parole was denied not because of the ancient rape conviction, but because of Petitioner's more recent convictions of murder of an inmate, escape from a federal facility, and stabbing a prison guard seventeen times. The federal law, including section 2241, is not available to mandate the correction of idle facts before the Parole Commission. Accordingly, the Report will be adopted and the Objection denied.

See id. (Final Order, docket entry 12)(internal citations and footnote omitted).

Furthermore, Petitioner appealed that decision to the Court of Appeals for the Sixth Circuit.  See id. (Appeal documents, docket entries 13, 16, 17).  By judgment entered December 19, 2005, and mandate entered February 13, 2006, the Court of Appeals affirmed, finding, in relevant part:

>       Thompson filed his current § 2241 petition in 2004, seeking to correct allegedly erroneous information contained in his 1974 presentence report for his conviction on charges of attempted rape. That report indicates that he abducted and raped his victims. The district court adopted a magistrate judge's recommendation over Thompson's objections, and dismissed the case on February 17, 2005. It is from this judgment that he now appeals.

Thompson argues that the district court was authorized to direct the Parole Commission to correct misinformation in his file.  Where a prisoner challenges the accuracy of the information contained in his presentence report, he must first utilize the procedures made available by the Parole Commission to correct any errors.  Where that procedure fails, and the Commission relies "upon inaccurate information to make a parole determination, an inmate may seek relief under 28 U.S.C. § 2241," as Thompson has done here.

A petition for a writ of habeas corpus under § 2241 is available to state prisoners to correct wrongs that implicate the Constitution and is available "to those whom society has grievously wronged."  "[I]n certain limited circumstances a claim of constitutional magnitude is raised where a prisoner alleges (1) that information is in his file, (2) that the information is false, and (3) that it is relied on to a constitutionally significant degree." Paine v. Baker, 595 F.2d 197, 201 (4th Cir.), . . . .  Therefore, Thompson has not alleged a Constitutional violation.  In his habeas petition, Thompson requests only "[c]orrection of the Presentence Investigation Report" and the "inaccurate information contained" within it.  He fails to allege that the Parole Commission has relied upon any erroneous information or that this reliance has lead to a Constitutional violation.  Although Thompson's administrative appeal to the Commission made an allegation of reliance upon incorrect information, Thompson failed to renew that challenge in the instant petition.  Thus, the magistrate judge was correct in finding that § 2241 relief is not available in this context.

Additionally, were Thompson to argue that the Commission relied upon inaccurate information in the presentence report, that argument is unavailing because the Commission's factual findings are not subject to judicial review.  Judicial review of the Parole Commission's decision is extremely limited.  We may review the legality of the decision, but the Commission's credibility determinations and findings of fact are not reviewable.  Thus, judicial review of the Commission's substantive decision is limited to determining whether the factors cited by the Commission were arbitrary, irrational, unreasonable, irrelevant or capricious.

7

> The Parole Commission's decision in Thompson's case was based on the serious nature of his offenses, and not upon the allegedly erroneous information contained in his 1974 presentence report. Thus, while the Commission mentioned his "original offense" in 1974, its decision was apparently based on the murder, escape, and assault offenses for which he is now incarcerated. Upon review, we are satisfied that its decision was not arbitrary, capricious, or irrational in light of the violent crimes that he has committed during his incarceration.

See id. (Order of Sixth Circuit, docket entry 16)(internal citations omitted).

Title 28 of the United States Code, section 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Because Petitioner already raised his claims in an unsuccessful § 2241 petition, his claims cannot be raised in this habeas petition filed in a different district. Recently, the Court of Appeals for the Third Circuit, recognizing that the abuse-of-the-writ doctrine applies to § 2241 petitions, reiterated that under that doctrine, "a petitioner may not raise new claims that could have been resolved in a previous action." Queen v. Miner, 530 F.3d 253, 256 (3d Cir. 2008)(citing Zayas v. INS, 311 F.3d 247, 257 (3d Cir. 2002); McCleskey v. Zant, 499 U.S. 467, 483-86 (1991)). The Court of Appeals further held that because 28 U.S.C. § 2244(a) does not specifically reference §

8

2254, it applies to all habeas actions filed by a person in detention pursuant to a judgment of a United States court.  See Queen, 530 F.3d at 256.[3]

In this case, Petitioner's arguments were litigated, and all claims were, or could have been raised in the action filed in the District Court for the Western District of Michigan and in the Court of Appeals for the Sixth Circuit.  A review of those decisions, as noted above, reveals that the decisions are sound, informed, and accurate.  This Court, pursuant to § 2244(a), and upon its own independent review of the record, will not disturb those findings.

## CONCLUSION

Based upon the foregoing, the petition will be denied. Petitioner's motion for reconsideration will be dismissed.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: September 5, 2008

---

[3] The Court of Appeals recognized that § 2244(b) refers specifically to claims asserted in second or successive petitions filed under § 2254.  Section 2244(a), however, does not specifically refer to § 2254.

9