**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RICHARD THOMPSON, | : | |
| Petitioner, | : | Civil No. 07-2694 (JAP) |
| v. | : | |
| HARLEY LAPPIN, et al., | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES:**

Richard Thompson, Pro Se
#568688/ 00S0158535
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

John Andrew Ruymann
Assistant U.S. Attorney
Office of the U.S. Attorney
402 East State St., Suite 430
Trenton, NJ 08608
Attorney for Respondents

**PISANO, District Judge**

　　This matter is before the Court on Petitioner's Motion for Reconsideration (docket entry 48) regarding this Court's Opinion and Order of September 8, 2008 (docket entries 46 and 47), denying his habeas corpus petition.

**BACKGROUND**

　　Petitioner states that this Court overlooked his claim as to "whether or not the U.S. Parole Commission violated the ex post facto clause in the United States Constitution, by attaching a Special Sex Offender Aftercare Treatment program as a condition to his parole based on his Y.C.A. conviction." Petitioner

contends that this argument was presented in a "motion for amendment amending his original habeas action" filed on July 9, 2007.  It appears that this argument was brought forth by Petitioner in a brief attached to his motion to amend (docket number 5), filed July 13, 2007.  Petitioner states that when he "made parole in 1980," there was no sex offender aftercare treatment program as a condition, but now there will be if he is granted parole.  It is not clear whether this claim was presented to the National Appeals Board.

Petitioner asks this Court to reopen his case to address this claim.

## **DISCUSSION**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  See United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b).  See id.  In the District of New Jersey, Local Civil Rule 7.1(i) (formerly 7.1(g)) governs

motions for reconsideration.  See Byrne v. Calastro, 2006 WL 2506722 (D.N.J. Aug. 28, 2006).[1]

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins.

---

[1] Byrne states:

> . . . in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.

Byrne, 2006 WL 2506722 at *1 (citations omitted).

Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  See Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original

4

hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  See Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

In this case, the Court will not reopen petitioner's case, as petitioner's claim concerning the ex post facto clause has no merit, and thus does not alter the disposition of this case.  See California Dep't of Corrections v. Morales, 514 U.S. 499, 506 n.3 (1995)("the focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of

'disadvantage,'" rather, the proper focus is limited to whether the change in the law "alters the definition of criminal conduct or increases the penalty by which a crime is punishable"); <u>Olivier v. Craven</u>, 2007 WL 2461986 at *2-3 (D. Idaho Aug. 27, 2007)(slip copy)(finding that sex offender treatment, as a condition to parole, does not violate ex post facto clause, as it is not punishment- even if the conduct on which condition is based occurred prior to the treatment program's beginning); <u>Webber v. U.S. Parole Comm'n</u>, 2007 WL 2683993 at *6 (S.D. Miss. Aug. 7, 2007)(slip copy)(finding that U.S. Parole Commission's Notice of Action imposing Sex Offender Aftercare condition did not violate ex post facto clause, because it did not subject petitioner to a more severe punishment); <u>Johnson v. Johnson</u>, 2001 WL 881284 at *3 (D. Tex. Jul 26, 2001)(rejecting ex post facto argument and explaining that mandatory sex offender therapy did not increase the inmate's punishment and did not "criminalize conduct that was legal before the subject policy became mandatory").

## **CONCLUSION**

Based on the foregoing, petitioner's motion for reconsideration is denied. An appropriate order accompanies this opinion.

<u>/s/ Joel A. Pisano</u>
JOEL A. PISANO
United States District Judge

Dated:   October 20, 2008